UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lancer Insurance Company, | No. 1:14-cv-02018-TLN-BAM |
| Plaintiff, | |
| v. | **ORDER** |
| Alpha Dyno Nobel, Pacific Gas & Electric, Cleveland Wrecking, URS Corporation, and Demtech, | |
| Defendants. | |

This matter is before the Court on Plaintiff Lancer Insurance Company's ("Plaintiff") Motions to Dismiss the Counterclaims of Defendants Pacific Gas & Electric ("PG&E") (ECF No. 24), URS Corporation ("URS") and Cleveland Wrecking Company ("CWC") (ECF No. 37), and Alpha Dyno Nobel ("Alpha") (ECF No. 26) pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Defendants oppose Plaintiff's Motions. (ECF Nos. 34, 35, 41.) The Court is duly advised of the parties' arguments. As the facts at issue and questions of law in each motion to dismiss are substantially the same, the Court finds it to be in the interest of judicial efficiency to address the requests in a single order. After careful consideration, and for the reasons set forth below, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiff's Motions to Dismiss.

////

**I.     FACTUAL BACKGROUND**

This case arises from an accident that occurred during the demolition of boilers at Kern Power Plant in Bakersfield, California, in which several people were injured. (Compl., ECF No. 1 at 3–4.) Plaintiff, an insurance company, is the insurer for Alpha, the supplier of explosives and permits for the demolition. (ECF No. 18 at 2–4.) The insurance policy at issue ("the Policy") covered the period during which the accident occurred.[1] (ECF No. 1 at 4.) Plaintiff's relationship with PG&E, URS, and CWC is based upon their claims as alleged additional insureds, thus their coverage under the Policy is derivative of Alpha's coverage. (ECF No. 1 at 1.)

On December 18, 2014, Plaintiff filed a Complaint against Defendants seeking reformation of the Policy it issued to Alpha and declaratory relief. (ECF No. 1.) Plaintiff alleges that Alpha made material misrepresentations and/or concealed material facts in its Explosives Insurance Application, and Plaintiff relied on these misrepresentations in issuing the Policy. (ECF No. 1 at ¶¶ 25, 32.) Plaintiff contends that it was the mutual intention of Plaintiff and Alpha at the time the Policy was issued that the Policy would not cover liability arising from the sale and use of explosives used in demolition work or liability arising from demolition work. (ECF No. 1 at ¶ 24.) Plaintiff asserts that it would have declined the risk or would have attached the "Exclusion – Designated Ongoing Operations" form to the Policy had Alpha answered the Explosives Insurance Application truthfully. (ECF No. 1 at ¶ 28.) Finally, Plaintiff states that it has no duty to defend or indemnify Defendants in connection with any claims arising from the underlying accident. (ECF No. 1 at ¶ 36.)

Defendants filed Counterclaims against Plaintiff for breach of contract and breach of the implied covenant of good faith and fair dealing. (ECF Nos. 16, 18, 33.) Defendants seek all legally recoverable damages including exemplary and punitive damages; Alpha further requests declaratory relief. (ECF No. 16 at 14; ECF No. 18 at 21; ECF No. 33 at 15–16.) Defendants allege that Plaintiff breached the duty it owes pursuant to the terms of the Policy to defend and pay defense expenses associated with claims related to the accident. (ECF No. 18 at 13; ECF No.

---

[1] The Commercial General Liability Policy of Insurance, Policy No. GL802664#11, and the Excess Insurance Policy, Policy No. XS802665#11, covered the policy period from July 1, 2013 to July 1, 2014. (ECF No. 1 at 4). The accident occurred on August 3, 2013. (ECF No. 1 at 4).

33 at 10–11; *see* ECF No. 16 at 9–10.) Further, Defendants contend that Plaintiff breached the implied covenant of good faith by unreasonably refusing to indemnify Defendants, and by unreasonably refusing to defend and pay defense expenses associated with claims related to the accident. (ECF No. 16 at 10; ECF No. 18 at 13–16; ECF No. 33 at 12–14.)

Plaintiff filed its Motions to Dismiss the Counterclaims under Rule 12(b)(6). (ECF No. 24; ECF No. 26; ECF No. 37.) Plaintiff asserts that because no lawsuit was filed by those injured in the accident, Defendants fail to and cannot state facts sufficient to support that a duty to defend or a duty to indemnify existed. (ECF No. 24-1 at 1–3; ECF No. 26-1 at 1–3; ECF No. 37-1 at 1–3.) Plaintiff contends that Defendants' Counterclaims fail to properly allege bad faith as a matter of law because such a claim requires that a breach of contract be adequately alleged, which it has not. (ECF No. 24-1 at 12; ECF No. 26-1 at 12; ECF No. 37-1 at 13–14.) Specifically as to Alpha, Plaintiff argues that Alpha's declaratory relief causes of action should be dismissed because Alpha alleged substantive causes of action based on the same issues. (ECF No. 26-1 at 12.)

## II.   STANDARDS OF LAW

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court is bound to give plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege

1  "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to
2  relief." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads
3  factual content that allows the court to draw the reasonable inference that the defendant is liable
4  for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. 544, 556 (2007)).

5  Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of
6  factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir.
7  1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an
8  unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A
9  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the
10 elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678
11 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory
12 statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove
13 facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not
14 been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*,
15 459 U.S. 519, 526 (1983).

16 Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough
17 facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 697 (quoting
18 *Twombly*, 550 U.S. at 570). Only where a plaintiff has failed to "nudge[] [his or her] claims . . .
19 across the line from conceivable to plausible[,]" is the complaint properly dismissed. *Id.* at 680.
20 While the plausibility requirement is not akin to a probability requirement, it demands more than
21 "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is
22 "a context-specific task that requires the reviewing court to draw on its judicial experience and
23 common sense." *Id.* at 679.

24 If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
25 amend even if no request to amend the pleading was made, unless it determines that the pleading
26 could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122,
27 1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 484, 497 (9th Cir. 1995));
28 *see also Gardner v. Marino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in

denying leave to amend when amendment would be futile). Although a district court should freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to deny such leave is 'particularly broad' where the plaintiff has previously amended its complaint[.]" *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir. 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.  ANALYSIS

Plaintiff moves this Court to dismiss Defendants' Counterclaims under Rule 12(b)(6). (ECF Nos. 24, 26, 37.) Defendants respond that the Counterclaims allege sufficient facts to adequately state claims for relief. (ECF Nos. 34, 35, 41.) Alpha further responds that its claims for declaratory relief are appropriate. (ECF No. 34 at 8–9.)

"Under Rule 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted 'based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Granger v. Lowe's Home Ctrs., LLC*, No. 1:14–cv–01212–KJM–SKO, 2014 WL 4976134, at *5 (E.D. Cal. Oct. 3, 2014) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). Therefore, the Court will analyze each cause of action in the Counterclaims to determine whether Defendants have alleged sufficient facts. Then, the Court will turn to the issue of whether Alpha's claims for declaratory relief are appropriate.

### A.  Defendants Allege Sufficient Facts for a Breach of Contract Claim

"An insurance policy is a contract and must be construed in the same manner as other contracts." *Cove Partners, LLC v. XL Specialty Insurance Co.*, No. CV 15–07635 SJO (GJSx), 2016 WL 461918, at *5 (C.D. Cal. 2016). "A cause of action for breach of contract includes four elements: that a contract exists between the parties, that the plaintiff performed his contractual duties or was excused from nonperformance, that the defendant breached those contractual duties, and that plaintiff's damages were a result of the breach." *Lincoln Gen. Ins. Co. v. Access Claims Adm'rs, Inc.*, 596 F. Supp. 2d 1351, 1363 (E.D. Cal. 2009). Thus, with respect to Defendants' claims for breach of contract, the question for the Court is whether Defendants sufficiently allege these elements.

5

First, Plaintiff and Defendants agree that a contract, the Policy, exists that governs the Parties. (ECF No. 1 at 1; ECF No. 16 at 8; ECF No. 18 at 10; ECF No. 33 at 4.) Second, to establish performance of contractual duties, Defendants assert they have satisfied all the required terms and conditions in the Policy. (ECF No. 16 at 9; ECF No. 18 at 11; ECF No. 33 at 11.) Specifically, Defendants contend that, in compliance with the Policy, they notified and tendered claims arising from the accident to Plaintiff and kept Plaintiff apprised of developments relating to mediations and settlement discussions. (ECF No. 16 at 9; ECF No. 18 at 11–12; ECF No. 33 at 5.) Third, Defendants allege that Plaintiff breached its contractual duties in failing to indemnify Defendants and by failing to defend and pay defense expenses associated with claims related to the accident. (ECF No. 18 at 13; ECF No. 33 at 10–11; ECF No. 16 at 9–11.) Defendants also argue that Plaintiff is not excused from performing its duties because the Parties intended for the demolition work to be covered by the Policy and no material misrepresentations were made in the formation of the Policy. (ECF No. 18 at 5, 11; ECF No. 16 at 10; *see* ECF No. 33 at 2.) Finally, as to damages, Defendants contend that, as a result of Plaintiff's breach, Defendants were forced to hire and pay legal counsel at their own expense. (ECF No. 16 at 10; ECF No. 18 at 13; ECF No. 33 at 11.) Although the terms and intended coverage of the Policy are heavily disputed by the Parties, the Court finds that Defendants' factual allegations, if accepted as true as required under a Rule 12(b)(6) analysis, are sufficient to state plausible claims for breach of contract. As such, the Court DENIES Plaintiff's Motions to Dismiss as related to the breach of contract causes of action.

  B. <u>Defendants Allege Sufficient Facts for a Breach of the Implied Covenant of Good Faith Claim</u>

In every insurance policy there is an implied covenant of good faith and fair dealing. *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 574 (1973). "The reasonableness of an insurer's handling of the case can only be measured by the particular facts of each case." *Hergenroeder v. Travelers Prop. Cas. Ins. Co.*, 249 F.R.D. 595, 615-616 (E.D. Cal. 2008) (citing *Allen v. Allstate Ins. Co.*, 656 F.2d 487, 489 (9th Cir. 1981). "To establish breach, Plaintiffs must show that (1) benefits due under the policy were withheld; and (2) the reason for withholding benefits was

1    unreasonable or without proper cause." *Hergenroeder*, 249 F.R.D. at 615.

2          Here, the Court must decide whether Defendants sufficiently allege facts supporting that
3    benefits due under the Policy were withheld and that the reason for withholding the benefits was
4    unreasonable.  Defendants contend that they were entitled to indemnification and legal
5    representation pursuant to the Policy and that Plaintiff failed to provide said benefits.  (ECF No.
6    16 at 10; ECF No. 18 at 13–16; ECF No. 33 at 13–14.)  Specifically, Defendants refer to the
7    Policy provisions identifying Plaintiff's duty to "pay those sums that the Insured becomes legally
8    obligated to pay as damages because of 'bodily injury'" and Plaintiff's "duty to defend the
9    Insured against any 'suit' seeking those damages."  (ECF No. 16 at 12; ECF No. 18 at 10; ECF
10   No. 33 at 3.)  Defendants also allege that Plaintiff's refusal to indemnify, pay legal expenses, and
11   provide legal counsel was unreasonable and without cause given Defendants' compliance with
12   the terms agreed to in the Policy.  (ECF No. 16 at 10; ECF No. 18 at 13–16; ECF No. 33 at 13–
13   14.)  Based on the foregoing allegations, the Court finds that Defendants allege sufficient facts for
14   breach of the implied covenant of good faith and fair dealing claims.  As such, the Court DENIES
15   Plaintiff's Motions to Dismiss as related to the breach of the implied covenant of good faith and
16   fair dealing causes of action.

17         C.    <u>Alpha's Requests for Declaratory Relief are Improper</u>

18         "A declaratory relief action serves to set controversies at rest before they lead to
19   repudiation of obligations, invasion of rights or commission of wrongs; in short, the remedy is to
20   be used in the interests of preventive justice, to declare rights rather than execute them." *Jensen*
21   *v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1188 (E.D. Cal. 2010) (internal quotations
22   omitted).  Such claims may be brought by any interested party involved in "an actual controversy
23   that has not reached a stage at which either party may seek a coercive remedy and in cases where
24   a party who could sue for coercive relief has not yet done so." *Seattle Audubon Soc. v. Moseley*,
25   80 F.3d 1401, 1405 (9th Cir. 1996).  "[W]here a plaintiff has alleged a substantive cause of
26   action, a declaratory relief claim should not be used as a superfluous 'second cause of action for
27   the determination of identical issues' subsumed within the first." *Jensen*, 702 F. Supp. at 1189
28   (quoting *Hood v. Superior Court*, 33 Cal. App. 4th 319, 324 (1995)).  Thus, the Court must

decide whether the declaratory relief claims are repetitive of the substantive claims.

Alpha's declaratory relief claims allege that the Policy applies and provides coverage to Alpha with regard to claims arising from the demolition accident and that Plaintiff owes a duty to indemnify and a duty to defend and pay damages on behalf of Alpha with regard to claims arising from the demolition accident. (ECF No. 18 at 17–21.) Accordingly, Alpha's declaratory relief claims are based on the same allegations as its previous claims for breach of contract and breach of the implied covenant of good faith. (ECF No. 18 at 10–16.) Therefore, the Court finds that the declaratory relief causes of action are improper, because the claims in essence duplicate Alpha's other causes of action and attempt to address past wrongs. As such, Plaintiff's Motion to Dismiss Alpha's Counterclaims as it relates to the Third, Fourth, and Fifth Causes of Action is GRANTED.

## I.     CONCLUSION

For the foregoing reasons, Plaintiff's Motions to Dismiss the Counterclaims of Defendants PG&E (ECF No. 24) and URS and CWC (ECF No. 37) are hereby DENIED, and Plaintiff's Motion to Dismiss the Counterclaims of Alpha is hereby GRANTED as to the declaratory relief claims and DENIED as to the remaining claims (ECF No. 26.).

IT IS SO ORDERED.

Dated: February 29, 2016

Troy L. Nunley
United States District Judge